Good afternoon. Well, it's still morning. Mary Ann Cazell on behalf of appellants. Hear me. May it please the Court. Since the matter was fully briefed, there's been significant development of the entry of the opinion in State Court appellate case G034127. That was at the end of last year. And a request for judicial notice with the opinion was submitted, and I'm sure this Court's had a chance to look at it. So the changes in those, of course, have not been briefed in the briefs before this Court, but basically that decision affirmed the denial of the petition for writ of mandate, administrative mandate, and it refused to treat the antitrust issues that were mistakenly prematurely brought up in the appeal, Agenda 30551. In the most recent decision on page 3, the Court of Appeal, the State Court of Appeal said, the Federal antitrust claims are very easy. State courts have no subject matter jurisdiction over Federal antitrust claims, period. And citing the Marie C. v. American Academy case. So, and then in the rest of the opinion, the Court, State Court of Appeal was clear to tiptoe around any of the Federal claims. Whenever they talked about antitrust, it was always the UNDREW Act. They specified we're dealing with State antitrust claims only. And actually, those were already gone, so. So you had a ruling on the merits from the Tar Court, and then the Court realized, oops, I don't have jurisdiction, and that got affirmed on appeal. So what does that do to the ruling on the merits? Okay. I'm sorry, Your Honor. I'm not sure if I understood correctly. We never got a ruling on the merits from the Court of Appeal on antitrust. I said Tar Court. Yes. No. I'm sorry. We didn't get a ruling on the merits from the trial court either. We got judgment on the pleadings granted that the defendants had brought that, no, you have – we don't have jurisdiction. Sorry, that's a Federal claim. No, you had something before that. The trial court ruled on the merits, and then said, oops, I don't have jurisdiction. Oh, that's correct. They did as to the damages issue and then said as to the injunctive relief, oh, you know, I guess we blew it. We don't have any subject matter jurisdiction. The Court of Appeal never – You still have a ruling from the State court, which has never been reversed, set aside, that on the merits of a Federal antitrust claim, you submitted it to the State court, and the court ruled on it. Now, it turns out it didn't have jurisdiction. Correct. But so what? Correct. All right. Well, as – I'm not sure I actually understand the Court's inquiry. We got a ruling as to the individually named defendants, Poole and LaRochelle, that was affirmed on appeal. They had been dismissed for the wrong reason. The Court of Appeal said yes, but because they're city employees acting within the course and scope of their employment, they're going to be immune anyway under these claims. As to the Sherman Act, I don't believe that we have a dispositive ruling on that claim. I could be mistaken as to that. But my understanding is we don't have a claim or a decision on that because the State court said, you know, they're hunting. We don't have jurisdiction. Well, but didn't the trial court give the decision on the merits before it realized it didn't have jurisdiction? Well, I guess I'll have to review my notes. But, no, I don't believe that it did. It said the State law of immunity will prohibit a claim like that. And then it said as to injunctive relief, we don't have authority either. But the State law of immunity should not be applicable in the Federal claim. In the Federal claim for Sherman Act or also for the 1983 action, which was only a Federal claim. The issuance of the second stay was never appealed to this Court. Am I right about that? The issuance of the second stay, correct. Correct. So that sits. There it is. That was appropriate. And what you're appealing is the denial of a motion to reopen. That's correct, Your Honor. What's the standard of review? It would seem that that's an abuse of discretion. Well, what respondents have said, what we believe is it is actually de novo review, and that's in the brief. Because we're going back to the issuance of a stay. Well, but that was never appealed. I understand. I understand what the Court. It's not going back to that. Okay. You're appealing a motion to reopen, denial of a motion to reopen. Right. And what was the status of the State court matter at the time the motion to reopen was denied? It was that the trial court action had been dismissed, and there was one more appeal which was pending. So that was still pending. It was a pending. So why would it have been an abuse of discretion under those circumstances to do what the Court did, refuse to reopen it? I mean, that was still pending. Well, because at the time, what had been determined by the Court of Appeal were the 30079 and 30551 rulings. And we didn't know if the Court was ever going to rule on the antitrust issue. Later. The State court? The State Court of Appeal. And that was still pending. And the Court refused to reopen because that was still in the hopper over on the State side. Is that right? No. The only one that was still on the roller in the State side was the 30, I'm sorry, 034127. But that was there. Later. Yeah, that was there. That's correct. Given that fact, why was it an abuse of discretion to deny the motion to reopen, given that you didn't appeal to stay in the first place? Right. It may not have been if the proper standard of review is abuse of discretion. The problem now is that the procedural posture has changed. Well, that's now. Right. That's correct. Once you've appealed the denial of a motion to reopen. What's your remedy back in the trial court now? Right now, I don't believe that we have a remedy in the trial court, because we have a final decision from the State Court of Appeal. So the Court of Appeal says that's it. We don't have any subject matter jurisdiction over federal case. But where are you? If we agree with you, where are you going? We're going back to federal court. And what will you say? We will say, well, Your Honor, this case should be reopened. Hopefully that would happen, because we have the 1983 claim that's been there all along. And we also would like to get, ideally, a reversal of the decision, not allowing leave to amend to add the Sherman Anti-Trust Act claim there, because we were prohibited from bringing it in the State Court. And if need be, we can, you know, resurrect, just bring that motion again. We also had appealed the denial of the preliminary injunction. Is there anything that prevents you from going back to district court and saying, under the circumstances today, since the Court of Appeal has now ruled, there is no ‑‑ let me ask this. Is there anything now pending in the State Court system? No. No. Okay. So could you go back to the district court today and say, okay, whatever was true last year or whenever this was, now there's nothing pending in State Court anymore. So now it's time to reopen and end the abstention. It's an excellent question, Your Honor. And it's some mental gymnastics that I and I think opposing counsel have been going through. The decision came out at the very end of last year. To answer the question as directly as I can, I don't think there is, except for the whole business about the England preclusion. Yeah. That's come up. But even if you lose this, you can still go back, is the way I see it, right? You lose the motion to reopen, you go back. The motion to reopen, right. Yeah. As Judge Clifton said, you go back and you say, guess what, the whole territory has changed, now we want to proceed. We lost, but here we are again, different ballpark. Could be the case. I can't see anything that prevents you from doing that. It seems to me that the England ‑‑ Well, then you've got the England problem. Right. Right. We have the England problem. And believe me, it's not as if there hasn't been a lot of thought about this kind of thing in the few weeks that were available. It seems like we're in a blind canyon right now that's leading nobody anywhere. Could be. Well, counsel and I would have discussions about perhaps stipulating things like that, but it came to an ‑‑ You want state proceedings here while you go and try to reopen in district court? I'm sorry. You mean the district court, Your Honor? Oh, state proceedings here so we can reopen in the state court? No, district court. Right. Okay. I mean, technically, the last order of the district court is the stay remains in effect. Right. That's subject to being reopened. You could go downtown now. Where are you? In Santa Ana, actually, Your Honor. And then you could drive to Santa Ana right now and file something and say lift it. Right. You want state proceedings here while you wait, while you try that and see what happens? Something like that would be really good. And one of my concerns was, gee, we've waited for a year, we've briefed this, now we're losing our priority, our place in mind, and, you know, what's the best way to proceed at this point? Well, if you want to stay. If we could stay here, sure, that would be really good because obviously a concern about the England issue and that's the main thing. Well, I'm not sure we can take care of that. I mean, that's something you're going to have to deal with back in district court. But on the question of whether you can or not, that is something that you can move to reopen and then allow us to know what happens there. That sounds like an excellent solution. Now, you said that there's nothing going on in state court. I get all these rational confusions. The administrative mundane appeal is gone? Yes, the appeal is this opinion and there was not one that came out of there. Right. And no review was sought. We don't yet have the remediator. I think it's probably going to come any time. I don't know the remediator. Okay. I'm sorry. To officially make it official in state court, you wait for the issuance of the remediator. Are there any petitions for rehearing pending? No. Actually, a decision was made to not proceed on that aspect because really all that was decided was, okay, we're not going to overturn the writ of administrative mandate decision, which was denying that. And we had, you know, the Court determined that independent judgment was the proper standard of review against over our arguments, of course, that it should have been de novo, and it did not appear that that was the way to proceed. We really wanted to go forward with the antitrust claims, which we've never been able to do, and the 1983 action. So, all right. If the Court does not. Do you want to reserve?  Thank you. It's right at 12, so I don't know if it's good morning or good afternoon. Good day. Good day. My name is Moses Johnson. I'm a deputy city attorney. I represent the city of Anaheim. Let me see if I can't just cut to the chase. I had offered counsel because now, as of a few days ago, because you have 40 days in state court to petition the state supreme court for review, the most recent court of appeal opinion that I asked this court to take judicial notice of is now final. There's this little act that they do called a remitter where they send it back down to state court saying our decision is. Ministerial. Yeah, it's ministerial. They decided not to review that decision, so that decision's final. On that basis, it would be proper for South Coast Cab to go back to the district court and say, okay, you stayed it before because there was an appeal pending. That appeal's over. Now, there is the England reservation problem that I will raise in opposition to any motion to reopen, plus claim preclusion issues. She still has those problems, but the appeal pending problem is now over because it's final. In that respect, it's moot. You said about, yeah, okay, I know where you're going, but you said about 90 seconds ago, I had offered, and you pointed towards your, and then you got off. What did you offer the other side? I offered opposing counsel because if you don't seek review, and at that point, the time had not run. Right. If you don't seek review, and the court of appeal opinion comes final, I won't oppose reopening on the basis that state court litigation's going on because it's over. Okay. I will, and wanted to reserve my rights on England reservation and other issues. Understandable. So that part of the case is moot. So if this court's not going to deal with the other ruling that the district court dealt with, England reservation, then there's really nothing to discuss because it's moot. Any objection to us saying this while plaintiff tries to reopen district court? As far as? And then we'll all know more once the district court rules. So, in effect, what would happen is we. I can sort of see where she wouldn't want to, where she has an all argument date scheduled and all that. Right. She wants to reserve her place in line, and I don't have a problem with that. Let me just kind of think this out loud to make sure I understand where we're going. We would kind of put this on ice. She would go back to district court, make her same motion to reopen and motion to amend and all of that stuff. I'll still pose on the merits on England reservation and issue preclusion. The district court may agree with me. Please let us know what was the district court's ruling on the motion to reopen. Correct. And then come back here. At that point, depending on what you advise us, we may or may not ask for further briefing in light of that ruling and then resubmit the case. Well, presumably it can't be abstention anymore. It's either the case is viable or it's not and will be dismissed. I don't have a problem with that. I mean, it's judicial economy, because otherwise we'd just go through the whole process of a notice of appeal again and two more years delay. I don't have a problem with that. Is there some wrinkle here? Is the district court going to believe it doesn't have any jurisdiction unless we send some message? Yes, you do. Go ahead. Well, I guess technically when you have an appeal, yeah, they lose jurisdiction. We'll issue an order saying we're deferring submission pending the filing of a motion to reopen district court and the district court's ruling on that motion. And the district court will know that we're waiting. We'll try to clear that underbrush. Sure. That's fine. I don't have a problem with that. That's judicial economy. I don't want to waste your time. Very good. Thank you. We'll defer submission on this case and issue an order to that effect. Okay. Thank you. Okay. We are adjourned. Thank you. Go for it. Ball's in your court. All rise.  Thank you.
judges: Kozinski, Trott, Clifton